# EXHIBIT H



June 20, 2023

<u>VIA EMAIL (peter.moriarty1@corebridgefinancial.com)</u>
American General Life Insurance Company (AIG)
ATTN: PETER MORIARTY, ESQ.
175 Water St.
New York, NY 10038

      Re:    My Client: Pratiwi Rutledge
                Insured: Robert Rutledge
                Policy No. 4209668408
                <u>Claim No. CF-17340-21</u>

Dear Mr. Moriarty:

      As you know, this firm has been engaged as litigation counsel on behalf of Pratiwi Rutledge in connection with her outstanding claim on the Life Insurance policy of her late husband, Robert Rutledge, who died on July 15, 2021. Please direct all future correspondence to my attention.

      Pratiwi Rutledge is the validly named beneficiary to Robert Rutledge's policy. This correspondence identifies the errors which American General Life Insurance Company ("AIG") made in denying Pratiwi Rutledge payment of the death benefit under this policy, appeals that denial, and demands immediate reversal of the denial with payment issued to this office on behalf of our client. If we are unable to resolve this matter by <u>**August 25, 2023**</u>, we will be forced to file suit.

## FACTUAL BACKGROUND

      This dispute arises from AIG's denial of payment to Pratiwi Rutledge as the lawful beneficiary to the death benefit under a life insurance policy obtained by the deceased, Robert Rutledge.

      On July 15, 2021, Pratiwi Rutledge's husband, Robert Rutledge, died. After burying her husband, Pratiwi filed a claim for death benefits with AIG. In response, AIG denied Paratiwi's claim and attempted to support its decision by arguing that Robert somehow committed a number of misrepresentations on his life insurance application and associated paramedical exam by failing to disclose that he had visited the hospital in early January 2021. ***AIG's denial letter, however, fails to address that Robert Rutledge truthfully responded to all questions posed by AIG's paramedical exam attendant, Nicole Joerndt, at the time of the application process.*** Pratiwi, who was present



during the application with her husband, specifically recalls Robert telling Nicole about the hospital visit in early January 2021 and Robert showing Nicole every medication from his medicine cabinet. Accordingly, AIG's denial of payment is unlawful and must be reversed.

## LEGAL ANALYSIS

Under Minnesota law, the "insurer bears the burden to show that an insured's misrepresentations were made with **_fraudulent intent_**." *Larson v. Nw. Mut. Life Ins. Co.*, 855 N.W.2d 293, 299, 300 (Minn. 2014) (holding that "the 'willfully false or intentionally misleading' standard is a subjective standard that requires proof of the insured's intent to deceive"); *see* Minn. Stat. § 61A.11. In fact, when an insurer moves for judgment as a matter of law regarding the insured's intent, Minnesota courts impose a "heightened standard for proving the requisite intent, requiring that the false or misleading answer be 'consciously made with a premeditated design' to falsify the facts so 'as to lead the insurer to act when he otherwise would not.'" *Ivers v. CMFG Life Ins. Co.*, No. CV 15-1577 (WMW/BRT), 2016 WL 5796919, at *6, 2016 U.S. Dist. LEXIS 136393 (D. Minn. Aug. 12, 2016) (citing *Siemers v. United Ben. Life Ins. Co.*, 75 N.W.2d 605, 608 (Minn. 1956).

Further, Minnesota's Supreme Court has plainly identified that **_an insurance agent "is at all times the agent of the insurer_**." Minn. Stat. § 60K.49; *Graf v. Robert M. Swendra Agency, Inc.*, 800 N.W.2d 112, 117 n.5 (Minn. 2011). In addition, an agent can create binding coverage for an insurer based on the agent's conduct alone. *See Julien v. Spring Lake Park Agency, Inc.*, 283 Minn. 101, 104 (Minn. 1969); *see also Morrison v. Swenson*, 274 Minn. 127, 135 (Minn. 1966) (finding that "[O]nce it is established that one who purports to represent an insurance company is its agent, a parol contract will bind the company if it is within the actual, implied, or apparent authority of the agent."); *see also Zulfe Enter. v. State Farm Fire & Cas. Co.*, 2019 Minn. Dist. LEXIS 2512, *9 (Minn. Dist. 2019) (finding that a factual question was present regarding whether the insurance agent effectively created coverage via misleading statements and noting that a negligence action directed personally against the agent may be appropriate).

Here, AIG has failed to provide any evidence showing that the alleged misrepresentations on the application were made by Robert Rutledge with an "intent to deceive" as required by Minnesota law. In fact, while there is a conspicuous absence of evidence that Mr. Rutledge's alleged misrepresentations were made in bad faith, a witness who was present for the application process — namely, Pratiwi Rutledge — is prepared to testify that **_Robert Rutledge truthfully answered every question posed to his during the application and paramedical exam_**. Taken as a whole, this information clearly demonstrates that Robert truthfully answered all questions as he understood them. Consequently, AIG cannot prove that Robert possessed any "intent to deceive" whatsoever in this case. With no intent to deceive present, rescission is wholly improper and the death benefit must be issued as a matter of law.

## CONCLUSION

       This correspondence demands immediate payment of the full policy death benefits, including all applicable claim interest.  If we are unable to resolve this matter by **August 25, 2023**, I will have no choice but to file suit against AIG in the Southern District of New York (NY Attorney ID #*5505078*) sounding in, *inter alia*, breach of contract, breach of covenant of good faith and fair dealings, unjust enrichment, and fraud, due to AIG's failure to comply with the terms of its life insurance policy.  My client further reserves all claims under the applicable jurisdiction's bad faith insurance statutes.  This correspondence does not constitute a complete or exhaustive statement of our client's rights or remedies.  Nothing stated herein is intended as, nor should it be deemed to constitute, a waiver or relinquishment thereof, all of which are hereby reserved.

       The contemplated Complaint is enclosed for your reference.  Please be guided accordingly.

       Very truly yours,

       */s/ Chad G. Boonswang*
       Chad G. Boonswang

CGB/maw